## Case No. 9,692.

### The MOHAWK.

[Affirming Case No. 9,693. Nowhere reported; opinion not now accessible.]

## Case No. 9,693.

### The MOHAWK.

[7 Ben. 139.] 1

District Court, E. D. New York. Jan., 1874.2

TUG AND TOW—CHOICE OF COURSES—NEGLIGENCE.

Where several courses are open to the master of a tug-boat in an emergency, and damage results to a boat in tow from the course which he

1 [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

2 [Affirmed by the circuit court; case unreported.]

chooses to adopt: Held, that, to warrant an action against the tug, for negligence in taking such course, clear proof must be given that the course taken was manifestly the most dangerous.

[Cited in The James P. Donaldson. 19 Fed. 266; The Allie & Evie, 24 Fed. 749; The Wilhelm, 47 Fed. 93; The Battler, 62 Fed. 614.]

In admiralty.

R. H. Huntley, for libellant.

Beebe, Donohue & Cooke, for claimant.

BENEDICT, District Judge. The tow-boat Mohawk, while engaged in taking a tow of eleven canal-boats from Port Johnson to the East river, after turning the buoy at Robbins' Reef, encountered a wind which raised so heavy a sea as to make it unsafe to attempt to continue her course across the bay against the tide, and she thereupon bore away for the shelter of the breakwater at Gowanus. As the tow was about turning the end of the breakwater, and before reaching still water, some of the canal-boats sunk, and among them, one loaded with coal belonging to the libellant, who now brings this action to recover its value from the tow-boat. The negligence charged is that the tow-boat had taken too large a tow, and, because of insufficient power to do otherwise, took a course for Gowanus, whereby she improperly imperiled the canal-boats and caused the loss of the libellants' coal.

Upon the proofs, I am of the opinion that the wind and sea which this tow encountered was no more than might reasonably be anticipated at this season of the year, in the locality in question. I am further of the opinion that the obligation is upon owners of tow-boats, towing in this locality, to limit the size of their tows to the capacity of the boats to move the tows with reasonable dispatch to the safest shelter at hand, in case of meeting a wind too heavy to permit the tow to keep on across the bay against the wind.

For a tow situated as this one was, several courses are open. She may turn back into the Kills, or go down to Quarantine, or keep up along the Jersey shore, or bear away before the wind for Gowanus breakwater. The latter course was selected by the Mohawk. It is made evident by the proofs that, with a tow of eleven boats, no other course was possible for her, owing to her inability to move such a tow against the wind and tide. But it is not shown by a clear preponderance of evidence that any of the other courses above indicated as open for a boat so situated involved less danger to the tow than the one selected by this boat.

Upon the evidence produced in this cause, I am unable to decide that the course which this boat pursued is not as safe a proceeding as either of the others.

The master of a tow situated like the present should not be held guilty of negligence in selecting one of several courses open in

such an emergency, unless it be made to appear, by a clear preponderance of evidence, that he selected a course manifestly more dangerous than the others. In the absence of a clear weight of evidence to that effect, I must hold that the negligence charged has not been proved against the tow-boat, and the libel must be dismissed.

This decision was affirmed by the circuit court on appeal; [case unreported.]